IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MISTY MILLS**                                                                          **PLAINTIFF**

vs.                                              No. 3:23-cv-131-BSM

**JEFFREY VOSS and**
**PATRICIA VOSS**                                                          **DEFENDANTS**

## JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT

Plaintiff Misty Mills and Defendants Jeffrey Voss and Patricia Voss (collectively referred to as "the Parties"), by and through their undersigned counsel, submit the following for their Joint Motion for Approval of Liability Settlement:

1.      Plaintiff Misty Mills initiated this action on May 31, 2023, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). ECF No. 1. Plaintiff alleges that Defendants failed to pay her a lawful overtime rate of one-and-one-half times her regular rate of pay for all her hours worked over 40 each week. *Id.*

2.      Defendant disputes that Plaintiff was not properly compensated for all hours worked, including overtime, thereby creating a bona fide dispute as to wages owed.

3.      The parties engaged in extensive discovery regarding Plaintiff's claims and the time records, compensation, and issues related to the underlying merits of the claims against Defendants as well as defenses. This discovery included both formal written discovery and the deposition of Plaintiff.

**Page 1 of 5**
**Misty Mills v. Jeffrey Voss, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:23-cv-131-BSM**
**Joint Motion for Approval of Liability Settlement**

4.      Following the close of discovery, the Parties participated in an in-person settlement conference with Magistrate Judge Patricia S. Harris, and the Parties ultimately reached a settlement as to Plaintiff's liability claims.

5.      The Parties have memorialized their liability settlement within their Settlement Agreement and Release ("Agreement") which resolves all Plaintiff's claims in this lawsuit as to liability. A copy of the Agreement is attached hereto as Exhibit 1.

6.      To ensure the Agreement releasing claims under the FLSA is valid and enforceable, the Parties request judicial review and approval of the Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. 27 Apr. 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the Parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements.    However,    other    courts    have    scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

**Page 2 of 5**
**Misty Mills v. Jeffrey Voss, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:23-cv-131-BSM**
**Joint Motion for Approval of Liability Settlement**

7.      Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. Plaintiff alleges that Defendants failed to pay her a proper overtime premium of one- and one-half times her regular rate for all hours worked in excess of forty (40) per week as a result of Defendants' paying her either her regular rate for all hours worked or a salary for all hours worked. Defendants maintain that Plaintiff was at all times paid properly under the FLSA as either an independent contractor or an exempt employee.

8.      The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, a trial, and, potentially, an appeal. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement. This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, as well as the amount of any additional fees and costs that would be incurred as a result of further litigation.

9.      Using time and pay records from Defendants, along with Plaintiff's own contemporaneous records of hours worked, Plaintiff's Counsel calculated Plaintiff's maximum owed wages, assuming her allegations to be true. Pursuant to the Settlement Agreement, Plaintiff is receiving the full, uncompromised amount of her calculated overtime owed.

10.     Plaintiff and her counsel have specifically considered the potential value of her claims and have concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendants support this result because it eliminates

**Page 3 of 5**
**Misty Mills v. Jeffrey Voss, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:23-cv-131-BSM**
**Joint Motion for Approval of Liability Settlement**

the uncertainties, risks, and cost of further litigation and appeals, despite Defendants' denial of the claims.

11.    The Parties have not resolved the attorneys' fees issues. Plaintiff will file a petition for fees and costs within 30 days of the entry of an Order approving the Agreement, if the Parties are unable to agree to an amount before then.

12.    This Agreement resolves Plaintiff's liability claims remaining before the Court. Accordingly, following the Court's approval of their settlement, Plaintiff and Defendant jointly seek dismissal, with prejudice, of the Plaintiff's liability claims.

WHEREFORE, Plaintiff and Defendant request that the Court enter an Order granting this Joint Motion for Approval of Liability Settlement, dismiss Plaintiff's liability claims with prejudice, retain jurisdiction for the purpose of enforcing the terms of their settlement and for purposes of resolving the outstanding issue of attorneys' fees and costs, and for all other necessary and proper relief.

**Page 4 of 5**
**Misty Mills v. Jeffrey Voss, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:23-cv-131-BSM**
**Joint Motion for Approval of Liability Settlement**

Respectfully submitted,

**PLAINTIFF MISTY MILLS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy., Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

**and    DEFENDANTS JEFFREY VOSS and
PATRICIA VOSS**

ROSE LAW FIRM
120 East Fourth Street
Little Rock, AR 72201
Telephone: (501) 375-9131
Facsimile: (501) 375-1309

*/s/ Brett Taylor*
Brett Taylor
Ark. Bar No. 204175
btaylor@roselawfirm.com

**Page 5 of 5
Misty Mills v. Jeffrey Voss, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:23-cv-131-BSM
Joint Motion for Approval of Liability Settlement**