## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (Agreement) is made and entered into by and between Misty Mills (Plaintiff), which includes her agents, attorneys, heirs, dependents, personal representatives, executors, administrators, successors, and assigns (if any), and Defendants Jeffrey and Patricia Voss (Defendants), which includes their agents, attorneys, heirs, dependents, personal representatives, executors, administrators, successors, employees, attorneys, accountants, franchisors, predecessors, successors, insurers, affiliates, and assigns (if any). Plaintiff and Defendants are referred to collectively as the "Parties" and may be individually referred to as the "Party."

**A.   Statement of Pending Claims.** Plaintiff initiated this action on May 31, 2023, 2023, as *Misty Mills v. Jeffrey Voss and Patricia Voss* in the United States District Court for the Eastern District of Arkansas, Case No. 3:23-cv-00131-BSM (the Lawsuit). In the Lawsuit, Plaintiff claimed that Defendants failed to pay minimum wages and overtime to Plaintiff, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Aside from the Lawsuit, Plaintiff represents that no other charges, actions, or claims are pending by or on behalf of Plaintiff against Defendants. In addition to the Lawsuit, Plaintiff has a pending claim styled Misty Mills v. Jeffrey Voss and Patricia Voss in the United States District Court for the Eastern District of Arkansas, Case No. 4:24-cv-779-LPR (the Title VII Lawsuit). This Agreement does not resolve, address, or release any alleged claims or potential remedies arising in connection with the Title VII Lawsuit.

**B.   Payment and Amended 2022 W2 Form.**

1.   In consideration for signing this Agreement and the fulfillment of the promises contained in this Agreement, Defendants agree to pay Plaintiff the total sum of $20,000.00 (the Payment), delivered to Plaintiff's counsel, Sean Short, Sanford Law Firm, PLLC, 10800 Financial Centre Pkwy, Little Rock, Arkansas 72211, within thirty (30) days of the entry of an order dismissing the Lawsuit with prejudice, in the following amounts:

   a. a check for $10,000.00 made payable to Plaintiff, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendants will issue Plaintiff an IRS Form W-2; and

   b. a check for $10,000.00 made payable to Plaintiff, without withholdings, representing claimed liquidated damages, for which Defendants will issue Plaintiff an IRS Form 1099.

2.   Additionally, Defendants agree to execute and submit an amended W2 Form to Plaintiff for the taxable year 2022 identifying wages in the amount of $50,493.75.

Defendants shall provide a copy of the amended W2 to Plaintiff and the appropriate taxing authorities no later than thirty (30) days after the entry of an order dismissing the Lawsuit with prejudice. Defendants also agree to cooperate fully with Plaintiff in responding to any inquiries, audits, or disputes related to the amended W2.

**C.**     **Attorney Fees and Costs.** Counsel for the Parties agree to negotiate in good faith regarding any attorney fees payment related to this settlement. If counsel for the Parties cannot reach a mutual agreement, counsel for Plaintiff will submit a Petition for Fees with the Court within twenty-one (21) days following the entry of an Order granting dismissal of Plaintiff's claims in the Lawsuit.

**D.**     **Dismissal of Claims with Prejudice.** The Parties will submit a Joint Motion to Approve Settlement and Dismiss within seven (7) days of the execution of this Agreement. The Parties will request dismissal of the Lawsuit with prejudice. If the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the Parties and the Court.

**E.**     **Waiver and Release of Claims.** The payments that are provided to Plaintiff in Section B of this Agreement shall be the sole relief (i.e., monetary payment or other remedy) provided to Plaintiff from Defendant, or from any of the other Releasees, as defined below, for the claims that are released by Plaintiff in this Agreement. In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendants from any and all claims, obligations, demands, actions, rights, causes of action, damages, liabilities, or suits for wages, salaries, commissions, and bonuses; for wage deductions, back pay, and front pay; and for any other known or unknown wage claims or demands which Plaintiff has, had, or may have had against Defendants before the date Plaintiff signs this Agreement.

Plaintiff understands and agrees that, even if she should eventually suffer additional damages arising out of the matters released by this Agreement, she will not be able to make any claims for those damages against the Defendant; provided, however, this Agreement does not release any rights or claims arising after the date this Agreement is signed. Nothing in this Agreement shall preclude Plaintiff from filing with or participating in any manner in any investigation, hearing, or proceeding conducted by the Arkansas and United States Departments of Labor and/or Equal Employment Opportunity Commission. However, Plaintiff represents and warrants that she has received all wages and/or compensation due to her arising out of or related to her alleged employment with Defendants. Plaintiff hereby waives any and all rights to recover monetary relief in any way, by virtue of any such investigation, hearing or proceeding conducted by those agencies for claims arising prior to the effective date of this Agreement. Nothing in this Agreement shall preclude Plaintiff from exercising her rights under COBRA, although any such exercise will be solely at her own expense.

**F.**     **Covenant Not to Sue.** Plaintiff agrees never to sue Defendants in any forum for any of the claims covered by waivers and releases in this Agreement. This covenant does not apply to claims arising in or relating to the Title VII Lawsuit (Case No. 4:24-cv-779-LPR). Plaintiff also agrees that she will not join or consent to opt into any certified or conditionally-certified class or collective action, or any other multi-party litigation, against Defendants involving any of the claims released in this Agreement. Likewise, Plaintiff agrees that she will opt-out of or otherwise withdraw from any such litigation to which she becomes a member or participant. An action instituted to enforce the terms of this Agreement will not constitute a breach of this provision.

**G.     Intent of Parties to Effectuate Full Settlement.** It is the desire of the Parties to settle fully, finally, and forever any and all issues, disputes, controversies, or claims that may exist between them made in or arising out of the Lawsuit, as of the date of execution of this Agreement. However, it does not resolve or affect any claims in the Title VII Lawsuit.

**H.     No Admission of Liability; Inadmissibility of Agreement.** This Agreement shall not in any way be construed as an admission by Defendants of any liability whatsoever or as an admission by Defendants of any acts of wrongdoing or discrimination against Plaintiff or any other persons. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiff. This Agreement shall not be offered, used, or admitted into evidence in any proceeding, whether civil, criminal, arbitral, or otherwise, except for any action to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

**I.     Taxes.** Plaintiff shall be responsible for the correct payment of and reporting, including, but not limited to, the filing of returns, where required by law, with any and all federal, state, and local income tax authorities, of all payments received under this Agreement and shall pay all taxes, duties, levies, or imposts due or owing to any and all such taxing authorities. Plaintiff agrees to indemnify, defend, and hold harmless Defendants from and against any and all penalties or taxes, claims, demands, and causes of action assessed or imposed by any federal, state and/or local taxing authority against Defendants for or on account of penalties and/or taxes allegedly due and owing with respect to the payments described herein, or that in any way arise from or otherwise relate to the failure of Plaintiff to report or pay any and all taxes due or owing from Plaintiff to any and all taxing authorities. Defendants shall not be responsible for any penalties, taxes, or liabilities arising from Plaintiff's tax obligations unless they result from Defendants' failure to issue accurate tax documentation or comply with applicable tax laws. In the event that any federal, state, or local tax authority determines that additional taxes or penalties are owed due to errors or inaccuracies in the W-2 or 1099 forms issued by Defendants for the taxable year 2022, Defendants agree to indemnify Plaintiff for any such penalties or liabilities attributable to their actions or omissions. However, Plaintiff agrees to indemnify Defendants for penalties or liabilities attributable to her actions or omissions. The parties also agree to cooperate fully and in good faith to mitigate any potential issues or disputes related to the amended W2, including providing any necessary documentation, explanations, or other assistance to the other or any taxing authority. Plaintiff acknowledges and agrees that she has not received any tax planning advice from Defendants or Defendants' attorneys.

**J.     Knowing and Voluntarily Waiver.** Plaintiff acknowledges and agrees that she has had sufficient time to consider this Agreement and to consult with legal counsel of her choosing considering its meaning and significance. When entering into this Agreement, Plaintiff has not relied on any representations or warranties made by the Parties, other than the representations and warranties expressly set forth in this Agreement. Plaintiff further represents and warrants that she freely negotiated the terms of this Agreement

3

and enters into it and executes it voluntarily. Plaintiff understands that this is a voluntary waiver of certain claims as set forth herein, whether known or unknown, against the Defendants, that relate in any way to her employment with, complaints about, injuries from, compensation due, benefits, contractual obligations, or separation from Defendant, up to and including the date of the execution of this Agreement. Defendants have no responsibility with respect to any inquiries from Plaintiff about this Agreement and the settlement described in it.

**K.** **Non-Disclosure.** Plaintiff agrees not to voluntarily disclose the contents and terms of this Agreement or the facts and allegations upon which it is based, including the consideration for this Agreement, except to her spouse, tax preparers, and attorneys, unless otherwise mandated by law or legal process. Plaintiff agrees that, if asked, she will merely state that the matter has been resolved. If an action is instituted to enforce the terms of this Agreement, disclosure of this Agreement will not constitute a breach of this provision.

**L.** **Remedies for Breach**. If Defendants believe that a violation of this Agreement has occurred, Defendants may present this Agreement to any court of competent jurisdiction for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach. In light of the difficulty of ascertaining damages for violation of this Agreement, Plaintiff agrees to pay Defendants liquidated damages in the amount of Five Thousand Dollars and No Cents ($5,000), as well as any other monetary damages established by Defendants, plus legal fees and costs, for any violation of this Agreement. The Parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction. In all such proceedings to enforce this Agreement, the prevailing party shall be entitled to payment of its reasonable and necessary attorney fees and costs incurred.

**M.** **Miscellaneous.**

 1.   Choice of Law and Venue. This Agreement is deemed by the Parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas. Any action to enforce any part of this Agreement shall be brought in the United States District Court for the Eastern District of Arkansas.

 2.   Waiver. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

 3.   Binding Agreement. This Agreement shall be binding upon, and insure to the benefit of, the Parties, as well as their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and/or assigns.

 4.   Cooperation Clause. The Parties acknowledge that it is their intent to consummate the settlement described in this Agreement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this

Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

5. **Entire Agreement.** This Agreement contains the entire agreement between the Parties concerning the subject matter contained in this Agreement, and it replaces any prior agreements or understandings between the Parties. All modifications to this Agreement must be made in writing and signed by all Parties.

6. **Severability.** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

7. **Captions.** The captions or headings of the Paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

8. **Signatures.** The Parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The Parties further agree that this Agreement may be signed in multiple counterparts, each of which is an original. Should multiple counterparts exist, they will be provided to all parties for their records.

9. **Construction.** This Agreement is deemed to have been jointly drafted by the Parties and, in the event of dispute, will not be construed in favor of or against any Party by reason of that Party's contribution to the drafting of this Agreement.

This Agreement becomes effective as to each Party on the date that each Party executes it.

**DEFENDANTS JEFFREY VOSS AND PATRICIA VOSS:**

By: _/s/ Jeffrey Voss Patricia B Voss_

Date: _15 Feb 2025_

**PLAINTIFF MISTY MILLS:**

_/s/ Misty Mills_
Misty Mills

Date: _02 / 04 / 2025_

5

Doc ID: 6d27bcd75a4a1d8a20607744abcdb1e3c13d584(